**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TERRY A. BURLISON,**

      **Plaintiff,**

**v.**                                           Case No:   6:17-cv-1769-Orl-18GJK

**PAM ANGUS,**

      **Defendant.**

---

## REPORT AND RECOMMENDATION

The matter is before the Court *sua sponte*. On October 12, 2017, Plaintiff, proceeding *pro se*, filed a complaint against Defendant. Doc. No. 1. The following facts are taken from Plaintiff's complaint. Plaintiff is a resident of Seminole County, Florida. *Id.* at 2. Defendant is a deputy clerk at the Fifth Judicial Circuit Court of Florida, which is located in Marion County, Florida. *Id.* Defendant issued a writ of possession commanding the Marion County Sheriff to evict Plaintiff from his mobile home, which is located in Belleview, Florida. *Id.*; Doc. No. 1-2 at 1. Plaintiff's eviction was an unconstitutional seizure of his property and violated the Fourth Amendment to the United States Constitution. Doc. No. 1 at 2. Plaintiff alleges a claim under 42 U.S.C. §1983 and requests damages of $3,400,000. *Id.* at 1-2.

Under Local Rule 1.02(c), "all civil proceedings … shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." Local Rule 1.02(c). Local Rule 1.02(b)(2) states that the Ocala Division of this Court shall consist of Marion, Citrus, Lake, and Sumter counties. Local Rule 1.02(b)(2). While the undersigned

recognizes that Plaintiff currently resides in Seminole County, the alleged seizure of property occurred in Belleview, Florida, which is located in Marion County. Doc. Nos. 1, 1-2. Furthermore, Plaintiff asserts a claim against a Marion County employee, and Plaintiff's mobile home is located in Marion County. *Id.* Considering the foregoing, the undersigned finds that the Ocala Division of this Court has the greatest nexus with this case.

Considering the foregoing, it is **RECOMMENDED** that the Court transfer this case to the Ocala Division of the United States District Court for the Middle District of Florida.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 31, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy