UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**TERRY A. BURLISON,**

    Plaintiff,

v.                                                  Case No: 5:17-cv-570-Oc-JSM-PRL

**PAM ANGUS,**

    Defendant.

## ORDER OF DISMISSAL

THIS CAUSE is before the Court *sua sponte*. For the reasons explained below, the Court concludes that this action is barred by the *Rooker-Feldman* doctrine and is due to be dismissed.

### BACKGROUND

Plaintiff filed a *pro se* Complaint against Pam Angus, a deputy clerk at the Fifth Judicial Circuit Court of Florida in Marion County. As best can be discerned from the two-page Complaint (Doc. 1), Plaintiff alleges a claim under 42 U.S.C. § 1983 for violation of Fourth Amendment rights due to an alleged seizure of Plaintiff's property. Plaintiff alleges that "deputy clerk, Pam Angus issued a writ of possession before the entry of a judgment in favor of the landlord which caused Marion County Deputy Sheriff officer Dunlap to evict PLAINTIFF without a valid court order, which caused PLAINTIFF to lose possession of his mobile home." (Doc. 1, p. 2). Plaintiff contends that the "improper eviction" constitutes a seizure of property in violation of the Fourth Amendment. Plaintiff seeks damages in the amount of $3.4 million.

### DISCUSSION

Courts have authority to *sua sponte* dismiss an action, but are required to provide plaintiffs notice of the intent to dismiss and give them an opportunity to respond. *Surtain v. Hamlin Terrace*

*Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Id.* The Court concludes the Complaint in this case is patently frivolous and that any amendment would be futile. So the Complaint should be dismissed.

Plaintiff sued Pam Angus, both in her individual and official capacity as a deputy clerk of Marion County. At best, Plaintiff alleges Angus issued "a writ of possession before the entry of a judgment," which Plaintiff contends was an improper eviction and a violation of the Fourth Amendment. Plaintiff's claims arise out of a past incident in which he alleges he was improperly evicted from a mobile home following state court eviction proceedings.

It is apparent from the face of the Complaint that, in taking the challenged actions, Angus was acting in her role as a deputy clerk of the Circuit Court. Angus would be entitled to either absolute or qualified immunity for her actions. *See Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981),[1] and *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). So the claims against her are patently frivolous.

And a review of the Court's docket reveals that Plaintiff already unsuccessfully attempted to litigate these same claims in this Court in *Burlison v. Williams,* Case No. 5-12-cv-560-Oc-WTH-PRL. In that case, Plaintiff sued a Marion County Court Judge and Plaintiff's former landlords. The Court observed that Plaintiff's claims lacked any legal merit and were barred by the *Rooker-Feldman* doctrine[2] because Plaintiff attempted to overrule or interfere with the final judgment of

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

[2] The *Rooker-Feldman* doctrine prevents federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

possession issued in the state civil eviction matter, *Jeffrey W. Benefield and Cassandra K. Benefield v. Terry A. Burlison*, Case No. 12-1901-SC. (*See* Doc. 26). The Court dismissed the action for lack of subject-matter jurisdiction. (Case No. 5-12-cv-560-Oc-WTH-PRL, Doc. 26).

Plaintiff's claims in this action are yet another thinly veiled attempt to overrule or interfere with the state court proceedings and judgment. *See Mickens v. 10th Judicial Circuit Court*, 458 Fed. Appx. 839, 840-41 (11th Cir. Feb. 23, 2012); *Christophe v. Morris*, 198 Fed. Appx. 818, 825–26 (11th Cir. 2006); *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). Just as in the 2012 case, the Court concludes it lacks subject-matter jurisdiction over these frivolous claims. And allowing further amendment would be an exercise in futility because there appears to be no set of facts Plaintiff could allege that would support jurisdiction. So the Court concludes the action should be dismissed.

Accordingly, it is ORDERED AND ADJUDGED that:

1. This action is DISMISSED WITH PREJUDICE for lack of jurisdiction.
2. All pending motions are denied as moot.
3. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of January, 2018.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record